UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ELVIN GENAO,

                Plaintiff,

-against-

POLICE SERVICE AREA 6,

                Defendant.

19-CV-3050 (CM)

ORDER OF DISMISSAL

COLLEEN McMAHON, Chief United States District Judge:

    Plaintiff brings this action *pro se*. By order dated June 19, 2019, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP"). The Court dismisses the complaint for the reasons set forth below.

## STANDARD OF REVIEW

    The Court must dismiss an *in forma pauperis* complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

**BACKGROUND**

Plaintiff brings this action, styled as a criminal complaint, seeking to bring charges against "Police Service Area 6." The complaint states:

> STALKING 1ST DEG, AGGRAVATED HARASSMENT 1ST DEG, CYBER STALKING, MALICIOUS PERSECUTION 1ST DEG, SLANDER, DEFEMATION [sic] OF CHARACTER, ,[sic] COLLUSION, COMPUTER HACKING, child endangerment, kidnapping, CRIMIMNAL [sic] THREATS 1ST DEG, ECONOMIC ESPIONAGE ACT, Act/Theft of trade secrets/ intellectual property crimes/Securities and Cocmmodities [sic] Fraud/ IDENTITY Theft, DOMESTIC TERRORISM, OBSTRUCTION OF JUSTICE 1ST DEG, ASSAULT 1ST DEG, NEGLGIGENT [sic] HOMICIDE 1ST DEG, TEASON, HERESY, AMENDMENT V, VI, VIII, XVI, ROME STATUTE, PURSUIT OF HAPPINESS.

(ECF No. 1, at 1.)

For a description of the facts on which his complaint is based, Plaintiff attaches a lengthy email sent by an unnamed sender to Frank Blanco, which begins:

> You can check my criminal background going back as far as 2011 an[d]then up to 2017, most recently [I']ve plead guilty to disorderly conduct, and two months after the restraining order was violated for aggravated harassment, even though [I] hired a retainer, and he was removed from the case shortly after and resorted to a legal aid, which [I] was pr ose [sic] until the day of trial having a grievance against him and other people involved . . . .

(ECF No. 1, at 2.)

Beginning in December 18, 2018, Plaintiff has filed over 30 complaints in this Court. By order dated June 5, 2019, the Court barred Plaintiff under 28 U.S.C. § 1651 from filing any future actions IFP in this Court without first obtaining leave to file. *Genao v. Saint Paul's Church*, No. 19-CV-2704 (CM) (S.D.N.Y. June 5, 2019). This action was filed before the Court issued its bar order.

**DISCUSSION**

As Plaintiff has been repeatedly informed, he cannot initiate the arrest and prosecution of an individual or entity in this Court because private citizens cannot prosecute criminal actions in

federal court. *See Leeke v. Timmerman*, 454 U.S. 83, 86-87 (1981) (prisoners lack standing to seek the issuance of an arrest warrant); *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."). Plaintiff also cannot direct prosecuting attorneys to initiate a criminal proceeding because prosecutors possess discretionary authority to bring criminal actions, and they are "immune from control or interference by citizen or court." *Conn. Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 87 (2d Cir. 1972). The Court therefore dismisses Plaintiff's complaint for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

## CONCLUSION

The Clerk of Court is directed to assign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket. Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

The June 5, 2019, bar order remains in effect.

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated: July 1, 2019
         New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge